UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAGUAS SATELLITE CORP., JOSE SEDA CHICO<br><br>**Plaintiffs**<br><br>v.<br><br>ECHOSTAR SATELLITE LLC; DISH NETWORK CORPORATION; DISH NETWORK LLC; JANE DOE; JOHN DOE; ABC CORPORATION; XYZ CORPORATION<br><br>**Defendant** | Civil No.<br><br><br>**COMPLAINT**<br><br><br>Plaintiff demands trial by jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **HERE COMES,** Plaintiffs, Caguas Satellite Corp. and José Seda Chico (hereinafter referred to as "Plaintiffs"), by and through its undersigned counsel, hereby avers, states and prays:

**JURISDICTION AND VENUE**

   1.   Jurisdiction of this Court is invoked under 28 U.S.C. §1332 as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. This Court has supplemental and pendant jurisdiction over the claims arising under state law pursuant to 28 U.S.C. 1367.

   2.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c), as the Defendants are subject to personal jurisdiction in this district and therefore deemed to reside here for purposes of venue.

## PARTIES

3.  Plaintiff, Caguas Satellite Corp. is a corporation organized under the laws of the Commonwealth of Puerto Rico.

4.  Plaintiff, José Seda Chico is the president of Caguas Satellite Corp., and its sole shareholder and proprietor.

5.  Defendant, EchoStar Satellite LLC is a corporation with its principal offices based in Engelwood, Colorado.

6.  Defendant, Dish Network Corporation is a corporation with its principal offices based in Engelwood, Colorado.

7.  Defendant, Dish Network LLC, is a corporation with its principal offices based in Engelwood, Colorado; Dish Network LLC is a subsidiary of Dish Network Corporation.

8.  Defendant, Jane Doe and John Doe, are natural persons whose identity is unknown at this time but who may be liable and/or responsible for the actions taken against Plaintiff.

9.  Defendant, ABC Corporation and XYZ Corporation, are entities whose identity is unknown at this time but who may be liable and/or responsible for the actions taken against Plaintiff.

## FACTS

9.  On or about June 16, 2003, José Seda Chico as representative of Caguas Satellite, entered into a contract with DISH Network in order to install equipment to individual consumers in order for those consumers to receive the transmission of satellite television signals broadcast by DISH Network. That contract was a DISH Network Distributor Retailer Agreement, (hereinafter referred to as "Dish Distributor Retailer Agreement").

10. Pursuant to said contract, Seda, as a representative of Caguas Satellite, entered into a separate contract with DEDC, Inc. d/b/a Dow Electronics, a Tampa, Florida based corporation. This contract was a Dow Electronics Authorized Retailer Agreement (hereinafter referred to as "Dow Retailer Agreement"), in order to obtain from the latter the equipment used for the reception and conversion of the signal for viewing by the customers.

11. Pursuant to the Dow Retailer Agreement, Echo Star Satellite Corporation provides digital direct broadcast satellite services under the name Dish Network; in turn Dow Electronics is a wholesale distributor of electronic products authorized by Echo Star to distribute Dish DBS systems.

12. As part of these two contracts, Plaintiffs had to maintain credit accounts with both Dow Electronics and Echo Star.

13. On August 2005, José Seda formally incorporated his business as Caguas Satellite Corp., (hereinafter referred to as "Caguas Satellite").

14. Throughout the life of these contracts, competition increased tremendously forcing Caguas Satellite to invest substantial amounts of money in:

   a) Creating more appealing offers for customers so that they would install and activate their accounts through Caguas Satellite;

   b) Advertise these offers and;

   c) Fund these installations while payments and reimbursement were later received from Dow Electronics.

15. Also, Caguas Satellite diversified its offering by including other satellite signal services.

16. DISH Network allowed other retailers to offer those services, especially in the continental United States.

17. On or about November 2008, DISH Network commenced an aggressive move into the local market and deliberately impeded and/or hindered retailer operations from retailer whom held a Dow Retailer Agreement with Dow Electronics. Thereby, DISH Network would hold both agreements for the supply of the equipment and the subscription to the satellite service.

18. Consequently, DISH Network looked for pretexts that would justify the cancellation of the Dow Retailer Agreements between Dow Electronics and its retailers, and therefore, the rescission of the Distributor Retailer Agreement with these retailers.

19. On November 2008, DISH Network notified Dow Electronics that Plaintiffs were involved with the installation of illegal, modified, or counterfeit equipment which allowed customers to steal the DISH Network satellite signal.

20. Signal theft is a serious allegation to make against a retailer, as it affects not only his reputation within the company, but also his reputation with other satellite television providers.

21. Subsequently, DISH Network commenced to disseminate its contention that Caguas Satellite had engaged in signal theft practices.

22. Through a letter dated November 5, 2008, Dish Network notified Plaintiffs that it was terminating the Distributor Retailer Agreement between Echo Star Satellite and Plaintiffs.

23. That contention was false and groundless, and more importantly, Caguas Satellite was never allowed an opportunity to rebut the same.

24. Dow Electronics was forced, thereby, to cancel the Dow Retailer Agreement with Plaintiffs as DISH Network cancelled its Distributor Retailer Agreement with Plaintiffs.

25. Through a letter dated November 18, 2008, Dow Electronics notified Plaintiffs that it was terminating the Dow Retailer Agreement as the same was conditioned to Plaintiffs having a valid Distributor Retailer Agreement with Echo Star.

26. On March 5, 2009, DISH Network published a press release in which it announced the termination, which had indeed occurred back in November of 2008, of certain retailers, including Caguas Satellite. In the press release, DISH Network was accusing the retailers of illegal activity when establishing DISH Network service accounts with customers. Since March 5, 2009 until the present, said press release has been and is still available on Dish Network's website.

27. The statements contained in said press release, as they relate to Plaintiffs, are false and made without proof or justifications and without allowing Caguas Satellite or José Seda, an opportunity to confront these allegations.

28. As of December 2010, said press release is still available and uploaded in Dish Network's website, thereby continuing the dissemination and promulgation of false statements.

## FIRST CAUSE OF ACTION

29. The allegations set forth in paragraphs 1 through 28 are incorporated by reference and made part of this cause of action.

30. The defendant's actions constitute defamation and slander which are prohibited by Puerto Rico's Libel and Slander Act of 1902, 32 LPRA §3142.

31. Alternatively, Plaintiffs also submit that co- defendant Dish Network actions were taken negligently in violation of Article 1802 of the Puerto Rico Civil Code, 31 LPRA §5141, and Section 8 of Article II of the Constitution of the Commonwealth of Puerto Rico, which operates *ex propio vigore*.

32. The information published in Dish Network's press release was and is false.

33. Dish Network did not conduct an investigation regarding these claims, and if so, such an investigation did not include Plaintiff's input or version of facts in order to clarify whatever misunderstandings may have improperly influenced Dish Network's determination. Hence the publication was negligent.

34. To this day, Dish Network continues to disseminate the press release through its website, thereby continuing to disseminate the false statements contained in the press release, thereby continuing to cause harm to Plaintiffs.

35. Caguas Satellite has never incurred or engaged in any activities that may constitute signal theft.

36. Plaintiffs have suffered real damages as a result of the publication because the plaintiff had his Distributor Retailer Agreement and Dow Retailer Agreement terminated due to false statements promulgated by Dish Network.

37. Plaintiffs have suffered real damages as a result of the false information published by DISH Network in its website, information which is still available on Dish Networks website.

38. Plaintiffs have suffered real damages as a result of the publication of false statements by Dish Network because other providers of satellite services discontinued using services provided by Caguas Satellite, and because equipment and accessories kept in stock by Caguas Satellite could no longer be used or exploited as a result of the termination of the Distributor Retailer Agreement and the Dow Retailer Agreement and the consequent decrease of installation requests by consumers.

39. Plaintiff Caguas Satellite also suffered and continues to suffer damages to its reputation and goodwill in the industry of satellite services in Puerto Rico.

**SECOND CAUSE OF ACTION**

40. The allegations set forth in paragraphs 1 through 39 are incorporated by reference and made part of this cause of action.

41. Plaintiff José Seda suffered personal damages as a result of the dissemination, by Dish Network, of the false information to his reputation as well as mental and emotional damages. The legal provisions identified above, also protect Mr. Seda in his personal capacity.

42. Dish Network knew or should have known that the operations of Caguas Satellite were the sole source of income for José Seda, and that Caguas Satellite was a closely held corporation.

43. As a result, it was known to Dish Network that the dissemination of false information concerning Caguas Satellite's activities, and the termination of the Distributor Retailer Agreement and the Dow Retailer Agreement would adversely affect Mr. Seda, personally and economically.

**THIRD CAUSE OF ACTION**

44. The allegations set forth in paragraphs 1 through 43 are incorporated by reference and made part of this cause of action.

45. Plaintiffs, Caguas Satellite and José Seda, in this case, were, at all times during this case, distributors under Law 75 of June 24, 1964, 10 LPRA §278.

46. Plaintiffs' distribution agreement was unlawfully terminated by Dish Network and/or Echo Satellite without just cause.

47. Under the Distributor Retailer Agreement and the Dow Retailer Agreement, Plaintiffs distributed equipment, which was acquired on credit from Dow Electronics, used for the account activations, and the reception and enjoyment of the satellite television signal offered to customers within the Commonwealth of Puerto Rico by DISH Network.

48. As a result of the termination of the above referenced contracts, Plaintiffs suffered damages to their business and their reputation and goodwill with customers and other industry peers, equipment obtained for the purpose of activating accounts, the termination of referral fees collected by virtue of the activated accounts, and the installation fees that plaintiff normally made during the existence of the business relationship.

## PRAYER FOR RELIEF

49. Plaintiffs hereby request that the Court impose a monetary award against Dish Network and Echo Star Satellite, and in favor of Caguas Satellite and José Seda, in the amount of $1,000,000.00 for economic damages suffered as a result of the termination of the Distributor Retailer Agreement and the Dow Retailer Agreement.

50. Plaintiffs hereby request that the Court impose a monetary award against Dish Network and Echo Star Satellite and in favor of José Seda, in the amount of $1,000,000.00 for mental damages and emotional anguish suffered in connection with the dissemination of the false information contained in Dish Networks press release, press release which is still available to the general public on Dish Network's website.

51. Plaintiffs hereby request that the Court impose a monetary award against Dish Network, and in favor of Caguas Satellite and José Seda, in the amount of $1,000,000.00 for the damages to the reputation and goodwill of Caguas Satellite and José Seda, and the continuous damages to the reputation and goodwill of Caguas Satellite and Jose Seda due to the false statements promulgated by Dish Network in its website.

**WHEREFORE**, Plaintiffs request that the Court grant aforementioned relief and enters judgment for the plaintiffs, granting any other relief as may be provided pursuant to the law and equity:

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, January 21, 2011.

**NICOLAS NOGUERAS JR. LAW OFFICES**
**PO BOX 195386, SAN JUAN, PR 00919-5386**
**TEL. 787-296-1958; FAX. 787-772-4605**
**EMAIL: nnogueras@nogueraslaw.com**

**S/ NICOLAS NOGUERAS, HIJO**
**NICOLAS NOGUERAS, HIJO**
**USDC-PR 109712**